ORIGINAL

1  Royal F. Oakes (80480), roakes@barwol.com
   Robert K. Renner (155283), rrenner@barwol.com
2  San-Chuen Lau (198092), slau@barwol.com
   BARGER & WOLEN LLP
3  633 West Fifth Street, 47th Floor
   Los Angeles, California  90071
4  Telephone:  (213) 680-2800
   Facsimile:  (213) 614-7399
5

6  Attorneys for Defendant
   Metropolitan Life Insurance Company
7

8           **UNITED STATES DISTRICT COURT**

9           **SOUTHERN DISTRICT OF CALIFORNIA**

10          '07 CV 0566 J       BLM

11  JUTTA MAHLKE COHN,          )  CASE NO.:
                                )
12          Plaintiff,          )  DEFENDANT'S NOTICE OF
                                )  REMOVAL
13      vs.                     )
                                )  [On grounds of Federal Question under
14  METROPOLITAN LIFE INSURANCE )  28 U.S.C. § 1331 and Diversity of
    COMPANY,                    )  Citizenship under 28 U.S.C. § 1332]
15                              )
            Defendants.         )
16  _____    )  Complaint Filed: February 23, 2007

17

18

19

20

21

22

23

24

25

26

27

28

FILED

2007 MAR 28  AM 11: 34

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

i:\office7\7197\189\07pleadings\removal - notice of removal (fed)_final.doc

1  TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN
2  DISTRICT OF CALIFORNIA:

4      PLEASE TAKE NOTICE that pursuant to 28 U.S.C. Sections 1331, 1332,
5  1441 and 1446, Defendant Metropolitan Life Insurance Company ("MetLife") hereby
6  removes Case Number GIC 880690 from the San Diego County Superior Court to
7  this Court.  Removal of this action is proper for the following reasons:

9                              **TIMELINESS**

11     1.     The first date upon which MetLife received a copy through service of
12  the Complaint and other documents in this case was March 1, 2007, when Plaintiff
13  Jutta Mahlke Cohn ("Plaintiff") served MetLife.

15     2.     This removal is thus timely under 28 U.S.C. Section 1446(b), in that
16  removal is sought within thirty (30) days after service of the Summons and
17  Complaint.

19                   **FEDERAL QUESTION JURISDICTION**

21     3.     This case is a civil action for which this Court has original jurisdiction
22  under the provisions of 28 U.S.C. Section 1331, in that this case arises under the laws
23  of the United States (namely, the Employee Retirement Income Security Act
24  ("ERISA"), 29 U.S.C. Section 1001 *et seq.*) and thus presents a federal question.
25  Therefore, this case may be removed to this Court by MetLife pursuant to the
26  provisions of 28 U.S.C. Section 1441(b), in that it arises under the Constitution, laws
27  or treaties of the United States as set forth more fully below.

28

BARGER & WOLEN LLP
833 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

4.      Under ERISA, an employee pension benefit plan is *"any plan, fund, or program* which . . . is *established or maintained by an* employer or employee organization . . . to the extent that . . . such plan, fund, or program . . . *provides retirement income to employees* . . . ." 29 U.S.C. Section 1002(2)(A) (emphasis added).

5.      Plaintiff's claim for retirement benefits stems solely from the employee benefit plan established, maintained and sponsored by her employer, Crum & Forster. In her Complaint, Plaintiff alleges as follows:

> Plaintiff is informed and believes and thereon alleges that Plaintiff's former employer Crum & Forster and Defendant entered into a contract (Group Annuity Contract # 5978) providing, inter alia, for retirement benefits to be paid to the employees of Crum & Forster, including Plaintiff.
>
> Under the terms of such contract, Defendant is obligated to make payments to the former employees of Crum & Forster when such employees reach certain milestones, one of which is attainment of age 65.
>
> *Complaint*, ¶¶ 2, 3.

6.      Thus, the allegations of Plaintiff's Complaint satisfy each of the above statutory elements for an ERISA-governed employee benefit plan:

- plan, fund or program = The Contract and its related documents
- established or maintained = The entry into the Contract by Plaintiff's former employer
- by an employer = Crum & Forster

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

- providing prescribed benefits = Retirement benefits
- to employees = The employees of Crum & Forster, including Plaintiff

7.    ERISA provides the exclusive framework for addressing alleged violations of its provisions, displacing all state law claims. 29 U.S.C. Section 1144; *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 60 (1987).  Specifically, ERISA is intended to ". . . supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . . ." 29 U.S.C. Section 1144(a).  Thus, because the plan at issue in this case is an employee benefit plan governed by ERISA, all state law claims based on wrongful withholding of benefits or denial of coverage are completely preempted by ERISA.  *See, e.g., Aetna Health Inc. v. Davila,* 542 U.S. 200, 220 (2004) ("We hold that respondents' causes of action, brought to remedy only the denial of benefits under ERISA-regulated benefit plans, fall within the scope of, and are completely pre-empted by, ERISA § 502(a)(1)(B), and thus removable to federal district court.").  Given the breadth of its preemption provision, Congress intended for ERISA to occupy the field with respect to employee benefit packages.

8.    As applied to this case, Plaintiff's state law causes of action undeniably "relate to" the plan.  In *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 96-97 (1983), the phrase "relate[s] to" was given its broad common-sense meaning, such that a state law relates to an employee benefit plan "in the normal sense of the phrase, if it has a connection with or reference to such a plan."  Here, Plaintiff's state law claims have a "connection with" the Contract because the Contract is the only means by which she can recover the benefits at issue.  Stated directly, Plaintiff's claims rise – or fall – with the Contract itself:  But for the employee benefit plan, no claims exist.  In addition, Plaintiff's claims also have a "reference to" the Contract, in that her Complaint specifically refers to the retirement benefits at issue.

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

9.     Accordingly, this case is governed by ERISA, as an action arising under the laws of the United States, and it is properly removed to this Court under 28 U.S.C. Sections 1331 and 1441(b).

## DIVERSITY JURISDICTION

10.     Independent of the federal question presented, this action is properly removable pursuant to the provisions of 28 U.S.C. Section 1332 and 1441(b), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, as set forth more fully below.

## Citizenship

11.     On information and belief, based on the correspondence between Plaintiff and MetLife regarding her claim for benefits, Plaintiff was a resident of California at the time she filed her Complaint and her residence has not changed since the filing of the Complaint.

12.     MetLife is a corporation organized and existing under the laws of the State of New York, having its principal place of business therein.  A true and correct copy of the relevant portion of MetLife's profile in the 2006 AM Best's Insurance Report, which shows New York as the principal place of business and place of incorporation, is attached hereto as Exhibit "A."  At all times pertinent, the citizenship status of MetLife as a citizen of the State of New York has remained the same.  Accordingly, at the time of the filing of the complaint and the filing of this Notice of Removal, MetLife was and is a citizen of the State of New York.  A corporation has only one principal place of business.  *See* 28 U.S.C Section

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

1  1332(c)(1); *see also United Computer Systems, Inc. v. AT&T Corp.*, 298 F.3d 756,

2  763 (9th Cir. 2002).  The "principal place of business" is determined through

3  application of a two-part test.  The first prong identifies the principal place of

4  business as the state where a "substantial predominance" of corporate activity takes

5  place.  *Id.*  If, however, the corporation's activities are not predominant in a single

6  state, then the principal place of business is where the majority of its executive and

7  administrative functions are performed.  *Id.*  Under either prong of this test, MetLife's

8  principal place of business is in New York.  Furthermore, MetLife's citizenship is

9  attested to in published district court opinions.  *Vega-Muniz v. Metro. Life Ins. Co.*,

10  278 F. Supp. 2d 146, 147 (D. Puerto Rico 2003) ("MetLife is a corporation organized

11  and existing under the laws of the State of New York with its principal place of

12  business in New York."); *Morgan v. Metro. Life Ins*. Co., 2003 U.S. Dist. LEXIS

13  6540, *2 (E.D. La. 2003) ("MetLife is a New York Corporation having its principal

14  place of business in New York."); *Stensrud v. MetLife Investors Ins. Co.*, 29

15  Employee Benefits Cas. (BNA) 1190, *5 (N.D. Ill. 2002) ("MetLife is a New York

16  corporation with its principal place of business in New York."); *De Dios Cortes v.

17  MetLife, Inc.*, 122 F. Supp. 2d 121, 124 (D. Puerto Rico 2000) ("MetLife is a

18  corporation organized and existing under the laws of the State of New York with its

19  principal place of business in New York.").

21  13.  Based on Paragraphs 11 and 12 above, there is complete diversity of

22  citizenship between Plaintiff and MetLife.

### Amount In Controversy

26  14.  On the face of the Complaint, the amount in controversy is in excess of

27  $75,000.

15.     Plaintiff alleges that MetLife denied her retirement benefits due under the Contract between MetLife and Plaintiff's former employer, Crum & Forster. *Complaint*, ¶¶ 2, 5.  Plaintiff also prays for non-economic damages in the amount of $250,000.  *Complaint*, ¶ 18.  Furthermore, Plaintiff seeks an award of general, exemplary and punitive damages, as well as attorneys' fees, all of which are to be considered for the purpose of establishing jurisdictional amount.  *Conrad v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) (finding that special and general damages, attorneys' fees, and punitive damages are included in the calculation of the amount in controversy).

16.     Moreover, attorneys' fees are potentially recoverable in an action for benefits under an employee benefit plan governed by ERISA.  *See* 29 U.S.C. § 1132(g); *accord Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446, 452-53 (9th Cir. 1980); *Nelson v. EG & G Energy Measur. Grp.*, 37 F.3d 1384, 1392 (9th Cir. 1994).  Such attorneys' fees may therefore be considered in calculating the amount in controversy. *See Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1155-56 (9th Cir. 1998) (holding that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy).[1]

17.     The attorneys' fees sought, when coupled with the compensatory damages sought by Plaintiff, far exceed the amount required for this Court to exercise jurisdiction.  For these reasons, the jurisdictional amount in controversy requirement is hereby met, and the exercise of jurisdiction by this Court is thereby appropriate.

---

[1]  MetLife contests the merits of Plaintiff's allegations, but the test is only whether the Complaint alleges an amount in controversy in excess of $75,000.00, exclusive of interest.

18.   Finally, under applicable Ninth Circuit authority, MetLife is not required to prove in absolute terms that more than $75,000 is at issue. Rather, a "defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds" $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403 (9th Cir. 1996). Here, as demonstrated above, and by the plain terms of Plaintiff's Complaint, it is "more likely than not" that the amount in controversy exceeds $75,000.

## PROCESS

19.   A true and correct copy of the Complaint and all other associated pleadings received by MetLife is attached hereto as Exhibit "B."

20.   Written notice of the filing of this Notice of Removal has been given to the adverse party, and a copy has been filed with the Clerk of the San Diego County Superior Court, in accordance with the provisions of 28 U.S.C. Section 1446(d).

WHEREFORE, MetLife prays that this action be removed to this Court.

DATED: March 28, 2007

BARGER & WOLEN LLP

By: _____
ROBERT K. RENNER
SAN-CHUEN LAU
Attorneys for Defendant
Metropolitan Life Insurance
Company

BARGER & WOLEN LLP
833 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

**EXHIBIT A**

Group Affiliation: Metropolitan Life and Affiliated Cos

# METROPOLITAN LIFE INSURANCE COMPANY

### 200 Park Avenue, New York, New York, United States 10166
### Exec. Office: One MetLife Plaza, Long Island City, New York, United States 11101
### Web: www.metlife.com

| | |
|---|---|
| **Tel:** 212-579-2211 | **Fax:** 212-578-7298 |
| **AMB#:** 06704 | **NAIC#:** 65978 |
| **FEIN#:** 13-5581829 | |

# BEST'S RATING

Based on our opinion of the consolidated Financial Strength of the life/health members of Metropolitan Life and Affiliated Companies, which operate under a group structure, this group member is assigned a Best's Rating of A+ (Superior). The company is assigned the Financial Size Category of Class XV which is the Financial Size Category of the parent.

# RATING RATIONALE

**Rating Rationale:** The rating of Metropolitan Life Insurance Company (MLIC) and its affiliates is based on the organization's well-established brand name, leading market positions in its core business lines, diverse sources of revenue and earnings, and strong liquidity position. The rating also reflects the overall balance of the organization provided by its, property/casualty, international, reinsurance and financial services subsidiaries. The recent acquisition of Travelers' domestic and international life operations provides the group with the increased distribution and scale necessary to remain an industry leader in its various product lines. The group continues to pursue its strategic focus on the life and annuity markets by expanding both its domestic and international market share through organic growth and strategic acquisitions as well as through on-going operational efficiencies. MLIC manages a diverse investment portfolio which traditionally produces solid contributions to earnings due to the elements contained within its investment portfolio. With the integration of Travelers, the Travelers investment portfolio was rebalanced to the group's standards. Offsetting these strengths is its strict capital management evidenced through its moderate risk adjusted capital position, the increased operating expenses due to the Travelers integration as well as its increased exposure to the international marketplace. In addition, A.M. Best believes MLIC and its affiliates will need to demonstrate its ability to reduce expense ratios and manage operating leverage to levels consistent with pre-acquisition levels, while enhancing profitability and improving return on equity. Lastly, A.M. Best will continue to monitor the group's ability to manage challenges associated with products that are interest rate sensitive as well as products that have equity market exposure.

The company has historically demonstrated strong operating earnings, sales and growth in assets under management. The rating also reflects the group's moderate financial leverage, financial flexibility, solid debt service capacity and a demonstrated ability to access the capital markets on a recurring basis after several years as a public company. In recent years, the group arranged its regulated entities under MetLife, Inc. from previous ownership by MLIC to increase the financial flexibility of its insurance entities, enhance its upstream dividend capacity to the parent holding company and generate a moderate level of statutory gains. With the integration of Travelers, A.M. Best expects MetLife will continue to pursue operating efficiencies and optimize the dividend capacity of its operating subsidiaries while meeting stringent compliance standards. MetLife has taken several steps toward enhancing its financial stability including improvement of asset/liability management practices, reduced allocation to the high-yield markets over the last several years, and the recent sale of several high profile properties. Furthermore, the company has centralized its accounting controls, financial framework initiatives, and continues to overhaul its reinsurance program as an effective way to mitigate risk. The integration of Travelers augmented MetLife's earnings power via increased scale, expanded distribution capabilities and enhanced its market positions in its core life and retirement savings businesses worldwide.

The Group's rapid growth and expansion through acquisitions has had a negative impact on its risk adjusted capital position as measured by A.M. Best. Management continues to pursue alternative methods to increase dividend capacity to its parent from its core operating subsidiaries while creating operational efficiencies. Despite this decline, A.M. Best remains concerned with the group's relatively high leverage position and will be monitoring this closely to ensure MetLife is able to manage this down as projected. A.M. Best will continue to monitor the rate of growth in its annuity product lines in conjunction with its overall level of risk adjusted capitalization, in addition to its ability to continue to manage challenges associated with products that have

Copyright © 2006, A.M. Best Company. All Rights Reserved.
Reproduction and distribution of A.M. Best data to third parties is strictly
prohibited without express written consent. Visit the A.M. Best website at
http://www.ambest.com for the latest Best's Ratings and Best's Company Reports.

| | 2005 | 2004 | 2003 | 2002 | 2001 |
|---|---|---|---|---|---|
| Mortgages (000) | 31,380,717 | 29,623,663 | 25,729,723 | 24,619,496 | 22,953,062 |
| Commercial | 80.2 | 81.1 | 80.0 | 79.6 | 77.5 |
| Residential | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 |
| Farm | 19.8 | 18.9 | 20.0 | 20.4 | 22.5 |

| Mortgage Quality (%) | 2005 | 2004 | 2003 | 2002 | 2001 |
|---|---|---|---|---|---|
| 90 Days Delinquent | 0.1 | 0.0 | 0.1 | 0.0 | 0.1 |
| In Process of Foreclosure | 0.0 | 0.1 | 0.0 | 0.0 | 0.1 |
| Total Delinquencies | 0.1 | 0.1 | 0.1 | 0.1 | 0.2 |

| | 2005 | 2004 | 2003 | 2002 | 2001 |
|---|---|---|---|---|---|
| Real Estate (000) | 3,665,994 | 3,315,114 | 3,245,193 | 3,999,616 | 5,078,624 |
| Property Occupied by Co | 7.5 | 6.5 | 7.0 | 6.6 | 8.2 |
| Property Held for Inc | 92.5 | 86.9 | 90.2 | 88.0 | 91.0 |
| Property Held for Sale | 0.0 | 6.6 | 2.8 | 5.4 | 0.8 |

| | 2005 | 2004 | 2003 | 2002 | 2001 |
|---|---|---|---|---|---|
| Stocks (000) | 4,197,344 | 4,428,176 | 4,906,275 | 5,115,538 | 7,553,619 |
| Unaffiliated Common | 39.9 | 31.0 | 15.7 | 16.9 | 32.5 |
| Affiliated Common | 10.5 | 13.9 | 31.4 | 54.3 | 45.9 |
| Unaffiliated Preferred | 5.6 | 8.7 | 14.2 | 15.4 | 11.5 |
| Affiliated Preferred | 43.9 | 46.3 | 38.7 | 13.4 | 10.0 |

| | 2005 | 2004 | 2003 | 2002 | 2001 |
|---|---|---|---|---|---|
| Other Inv Assets (000) | 14,768,206 | 13,749,466 | 12,737,120 | 10,084,321 | 11,336,928 |
| Cash | 7.2 | 10.3 | 11.1 | 1.4 | 19.0 |
| Short-Term | 3.5 | 6.3 | 15.0 | 17.2 | 14.6 |
| Schedule BA Assets | 45.6 | 40.1 | 26.3 | 27.2 | 19.6 |
| All Other | 43.8 | 43.4 | 47.6 | 54.2 | 46.8 |

# HISTORY

**Date Incorporated:** 03/24/1868        **Date Commenced:** 03/25/1868
**Domicile:** NY

The Group periodically re-stacks its organization to promote operating efficiencies, financial flexibility and improve dividend capacity through its entities. In October 2003, MetLife, Inc. completed another re-stacking transaction to increase capital efficiency and flexibility between the parent MetLife, Inc., and its subsidiaries. This restacking plan resulted in the following intercompany transactions: MLIC sold Metropolitan Property and Casualty Insurance Company, Metropolitan Tower Life Insurance Company and two non-insurance subsidiaries to MetLife, Inc., the parent holding company. In addition, Security Equity Life Insurance Company and MetLife Security Insurance Company of LA were merged into the parent MetLife, Inc.. In 2002, MetLife, Inc.'s restacking plan resulted in the following intercompany transactions; MetLife, Inc. contributed MetLife Iberia, its Spanish subsidiary, to MetLife International Holdings, Inc. (MIH); MetLife, Inc. acquired Security Equity Life Insurance Company (Security Equity) and Cova Corporation (Cova) from General American Life Insurance Company (GenAm); MLIC contributed its subsidiary, Texas Life Insurance Company, to Cova; and MetLife sold MIH, Cova, MetLife Investors Group, Inc. and various foreign subsidiaries to MetLife, Inc., the parent holding company. GenAm also sold Missouri Reinsurance (Barbados), Inc. to MetLife and Walnut Street Securities to MetLife, Inc. In that same year, MetLife Group, Inc., a new subsidiary of MetLife, Inc., was created as an employee services company that supports all of the enterprise's personnel needs.

**Mergers:** Paragon Life Insurance Company, Missouri, 2006; Citicorp Life Insurance Company, Arizona, 2006; First Citicorp

Copyright © 2006, A.M. Best Company.  All Rights Reserved.
Reproduction and distribution of A.M. Best data to third parties is strictly
prohibited without express written consent. Visit the A.M. Best website at
http://www.ambest.com for the latest Best's Ratings and Best's Company Reports.

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY |
|---|---|
| | (SOLO PARA USO DE LA CORTE) |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

METROPOLITAN LIFE INSURANCE
COMPANY

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JUTTA MAHLKE COHN

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: | CASE NUMBER |
|---|---|
| (El nombre y dirección de la corte es): | (Número del caso): GIC 850690 |

SUPERIOR COURT SAN DIEGO COUNTY, CENTRAL DIVISION
330 220 West Broadway
San Diego, CA 92101

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

GUENTER S. COHN          619   462-6681
P.O.Box 19687
San Diego, CA 92159

DATE: **FEB 2 3 2007**          Clerk, by _Wynnie S. Abella_ , Deputy
(Fecha)                         (Secretario) **WYNNIE S. ABELLA**      (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

[SEAL] SUPERIOR COURT · SAN DIEGO COUNTY · CA

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]          SUMMONS          Code of Civil Procedure §§ 412.20, 466

American LegalNet, Inc.
www.USCourtForms.com

1   Guenter S. Cohn (SBN 47285)
    P. O. Box 19687
2   San Diego, CA 92159
    (619) 462-6681
3

4   Attorney for Plaintiff

5

6           SUPERIOR COURT OF THE STATE OF CALIFORNIA

7           FOR THE COUNTY OF SAN DIEGO, CENTRAL DIVISION

8

9   JUTTA MAHLKE COHN,                    )   Case No.: GIC 850690
                                          )
10           Plaintiff,                   )   COMPLAINT FOR:
                                          )   BREACH OF CONTRACT;
11   vs.                                  )   BREACH OF FIDUCIARY DUTY;
                                          )   DECLARATORY RELIEF and
12   METROPOLITAN LIFE INSURANCE          )   ELDER ABUSE
                                          )
13   COMPANY,                             )
                                          )
14           Defendant                    )

15   _____

16      Plaintiff for her First Cause of Action for Breach of Contract alleges that:

17      1. Plaintiff is informed and believes and thereon alleges that Defendant is an insurance

18   corporation duly licensed to transact business in this State.

19      2. Plaintiff is informed and believes and thereon alleges that Plaintiff's former employer

20   Crum & Forster and Defendant entered into a contract (Group Annuity Contract # 5978)

21   providing, inter alia, for retirement benefits to be paid to the employees of Crum & Forster,

22   including Plaintiff.

23      3. Under the terms of such contract, Defendant is obligated to make payments to the

24   former employees of Crum & Forster when such employees reach certain milestones, one of

25   which is the attainment of age 65.

26      4. Plaintiff has reached the age of 65 in September 2006 and is entitled to payments

27   pursuant to such contract.

28      5. Although demanded by Plaintiff, Defendant has failed and refused and continues to

                                    - 1 -

1

2  fail and refuse to make payments to Plaintiff as required by such contract.

3        Plaintiff for her Second Cause of Action for Breach of Fiduciary Duty alleges that:

4        6. The allegations of paragraphs 1 through 5, above, are incorporated herein by this

5  reference as though fully set forth.

6        7. Plaintiff is informed and believes and thereon alleges that said contract is

7  administered by Defendant in a fiduciary capacity for Plaintiff's benefit.

8        8. Plaintiff is informed and believes and thereon alleges that said contract provides for

9  benefits to commence at certain designated times and that Plaintiff deferred receipt of her

10  retirement benefits so that they would commence when she attained 65 years of age.

11        9. On March 10, 1992, Plaintiff made a preliminary election as to the type of retirement

12  allowance she desired and was advised that approximately three months prior to attaining age

13  65, and the commencement of payments, Plaintiff would receive the forms necessary to

14  commence her benefits and specify  which specific retirement allowance she would desire.

15        10. Defendant has willfully, wrongfully, without justification, and without privilege, failed

16  and refused to provide Plaintiff with the necessary forms to commence her benefits despite

17  repeated requests; and Defendant has further willfully, wrongfully, without justification, and

18  without privilege, failed and refused to pay Plaintiff any monthly benefits whatsoever, which

19  benefits should have commenced on October 1, 2006.

20        11. Plaintiff is informed and believes and thereon alleges that Defendant's actions are in

21  breach of its fiduciary duty owed to Plaintiff and are intentionally calculated to deprive Plaintiff of

22  benefits she is entitled to. Therefore the awarding of exemplary and punitive damages is

23  justified.

24        Plaintiff for her Third Cause of Action for Declaratory Relief alleges that:

25        12. The allegations of paragraphs I through 11, above, are incorporated herein by this

26  reference as though fully set forth.

27        13. A controversy exists between Plaintiff and Defendant as to the amount of benefits

28  Plaintiff is entitled to and the commencement date for such benefits to begin.

- 2 -

14. Plaintiff requests a declaration establishing Plaintiff's entitlement to the highest amount of monthly benefits that she had a right to elect and that payments should have begun on October 1, 2006.

15. Plaintiff also seeks interest on the monthly benefits due her from October 1, 2006.

Plaintiff for her Fourth Cause of Action for Elder Abuse alleges that:

16. The allegations of paragraphs I through 15, above, are incorporated herein by this reference as though fully set forth.

17. Defendant's actions in willfully, wrongfully, without justification, without privilege and intentionally withholding monies due to Plaintiff constitute financial abuse against Plaintiff, a person over the age of 65 years.

18. Defendant's actions as stated in paragraph 17 above have caused Plaintiff to suffer emotional distress, sleeplessness and unnecessary worries about her financial future.

WHEREFORE, Plaintiff prays for judgment on all Causes of Action as follows:

1.      For general damages in an amount according to proof;

2.      For exemplary and punitive damages;

3.      For a declaration establishing Plaintiff's entitlement to the highest amount of monthly benefits she has a right to elect.

4.      For such monthly benefits to commence retroactively as of October 1, 2006.

5.      For interest on such monthly benefits from October 1, 2006 until paid.

6.      For non economic damages for pain and suffering in the amount of $ 250,000.

7.      For Attorney's fees and cost of suit herein incurred; and

8.      For such other and further relief as the Court may deem just and proper.

Dated: February 23, 2007

Guenter S. Cohn
Attorney for Plaintiff

- 3 -

## VERIFICATION

I, Jutta Mahlke Cohn, am the Plaintiff in the above-entitled action. I have read the foregoing complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are herein stated on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 23 day of February, 2007, in San Diego, California.

Jutta Mahlke Cohn

- 4 -

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Guenter S. Cohn (SBN 47285)<br>P.O.Box 19687<br>SAn Diego, CA 92159<br>TELEPHONE NO.: 619 462-6681   FAX NO.: 619 462-6677<br>ATTORNEY FOR *(Name):* Jutta Mahlke Cohn | ~~FILED~~<br>~~CLERK'S BUSINESS OFFICE IS~~<br><br>2007 FEB 23  P 2: 46<br><br>~~SUPERIOR COURT, CA~~ |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 220 West Broadway
MAILING ADDRESS: POBox 122724, San Diego, CA 92112
CITY AND ZIP CODE:
BRANCH NAME: Central

CASE NAME:
Jutta Mahlke Cohn v. Metropolitan Life Ins. Co.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402). | | GIC 880690 |
| | | | JUDGE: | |
| | | | DEPT: | |

*Items 1–5 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Collections (09)
- [ ] Insurance coverage (18)
- [X] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
        issues that will be time-consuming to resolve         in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Type of remedies sought *(check all that apply):*
   a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [X] punitive

4. Number of causes of action *(specify):*

5. This case [ ] is [X] is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 23, 2007

Guenter S. Cohn
(TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2007] | **CIVIL CASE COVER SHEET** | American LegalNet, Inc.<br>www.FormsWorkflow.com | Cal. Rules of Court, rules 3.220, 3.400–3.403;<br>Standards of Judicial Administration, § 19<br>www.courtinfo.ca.gov |

CM-010

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers**

If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 5 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. You do not need to submit a cover sheet with amended papers. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Complex Cases**

In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the
   case involves an uninsured
   motorist claim subject to
   arbitration, check this item
   instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
     Wrongful Death
Product Liability *(not asbestos or
   toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–
     Physicians & Surgeons
   Other Professional Health Care
     Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
     and fall)
   Intentional Bodily Injury/PD/WD
     (e.g., assault, vandalism)
   Intentional Infliction of
     Emotional Distress
   Negligent Infliction of
     Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil
   harassment)* (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
     *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
     Contract *(not unlawful detainer
     or wrongful eviction)*
   Contract/Warranty Breach–Seller
     Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
     Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections
     Case
Insurance Coverage *(not provisionally
   complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent
     domain, landlord/tenant, or
     foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
   drugs, check this item; otherwise,
   report as Commercial or
   Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
     Case Matter
   Writ–Other Limited Court Case
     Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
     Commissioner Appeals

**Provisionally Complex Civil Litigation
(Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally
   complex case type listed above)*
   (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
     County)
   Confession of Judgment *(non-
     domestic relations)*
   Sister State Judgment
   Administrative Agency Award
     *(not unpaid taxes)*
   Petition/Certification of Entry of
     Judgment on Unpaid Taxes
   Other Enforcement of Judgment
     Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
   above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-
     harassment)*
   Mechanics Lien
   Other Commercial Complaint
     Case *(non-tort/non-complex)*
   Other Civil Complaint
     *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified above)*
   (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
     Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief from Late
     Claim
   Other Civil Petition

1

## PROOF OF SERVICE

2

STATE OF CALIFORNIA, COUNTY OF ORANGE

3

4

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is: Barger & Wolen LLP, 19800 MacArthur Boulevard, 8th Floor, Irvine, California 92612.

5

6

On **March 28, 2007**, I served the foregoing document(s) described as **DEFENDANT'S NOTICE OF REMOVAL** on the interested parties in this action by placing [ ] the original [X] a true copy thereof enclosed in sealed envelope addressed as stated as follows:

7

8

Guenter S. Cohn, Esq.                    Attorneys for Plaintiff
P.O. Box 19687                               Jutta Mahlke Cohn
San Diego, California 92159

9

Telephone: (619) 462-6681

10

11

**[X] BY MAIL** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

12

13

14

15

**[ ] BY FACSIMILE** By transmitting an accurate copy via facsimile to the person and telephone number as follows:

16

17

**[ ] BY PERSONAL SERVICE** I caused such envelope to be delivered to a commercial messenger service (Knox Services) with instructions to personally deliver same to the offices of the addressee on this date.

18

19

20

21

22

**[ ] OVERNIGHT DELIVERY** I am "readily familiar" with the firm's practice of collection and processing correspondence for overnight delivery. Under that practice it would be deposited in a box or other facility regularly maintained by the express service carrier, or delivered to an authorized courier or driver authorized by the express service carrier to receive documents, in an envelope or package designated by the express service carrier with delivery fees paid or provided for, addressed to the person on whom it is to be served, at the office address as last given by that person on any document filed in the cause and served on the party making service; otherwise at that party's place of residence.

23

24

25

[X] **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. Executed at Irvine, California on **March 28, 2007**.

26

NAME: Gabriela Rubio

_____
(Signature)

27

28

i:\office7\7197\189\07pleadings\removal - notice of removal (fed)_final.doc

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO)

**FILED**

| I (a) PLAINTIFFS<br>JUTTA MAHLKE COHN | DEFENDANTS<br>METROPOLITAN LIFE INSURANCE COMPANY<br>2007 MAR 28  AM 11: 34<br>CLERK US DISTRICT COURT<br>SOUTHERN DISTRICT OF CALIFORNIA |
|---|---|
| (b) COUNTY OF RESIDENCE OF FIRST LISTED<br>PLAINTIFF     Unknown, but believed to be San Diego.<br>(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES USE THE LOCATION OF THE TRACT OF LAND INVOLVED.<br>_____ DEPUTY |
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)<br>Guenter S. Cohn (47285)<br>P.O. Box 19687<br>San Diego, CA 92159  (619) 462-6681 | ATTORNEYS (IF KNOWN)<br>Robert K. Renner (155283)/San-Chuen Lau (198092)<br>BARGER & WOLEN LLP<br>633 West Fifth Street, 47th Floor, Los Angeles, CA 90071  (213) 680-2800 |

**'07 CV 0566 J     BLM**

**ORIGINAL**

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

This action arises under the laws of the United States (namely, ERISA, 29 U.S.C. § 1001 et seq), as plaintiff seeks retirement benefits from an employee welfare benefit plan, thereby presenting a federal question.

## V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

### TORTS
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**PERSONAL INJURY**
- ☐ 362 Personal Injury Med Malpractice
- ☐ 365 Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth In Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### FORFEITURE/PENALTY
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt Relations
- ☐ 730 Labor/Mgmt Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☒ 791 Empl.Ret. Inc. Security Act

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (US Plaintiff or Defendant)
- ☐ 871 IRS - Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State
- ☐ 890 Other Statutory Actions

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### CIVIL RIGHTS
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

### PRISONER PETITIONS
- ☐ 510 Motion to Vacate Sentence Habeas Corpus
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

## VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

| VII. REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23 | DEMAND $<br>According to proof, but pain and suffering of $250,000 | Check YES only if demanded in complaint:<br>JURY DEMAND: ☐ YES  ☒ NO |
|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY (See Instructions):  None | JUDGE | Docket Number |
|---|---|---|

| DATE  3/28/07 | SIGNATURE OF ATTORNEY OF RECORD  San C Lau |
|---|---|

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

LexisNexis® Automated California Federal District Court Forms

136524 $350  Sec 3/28/06

1                              **PROOF OF SERVICE**

2    STATE OF CALIFORNIA, COUNTY OF ORANGE

3          I am employed in the County of Orange, State of California.  I am over the age
     of 18 and not a party to the within action; my business address is:  Barger & Wolen
4    LLP, 19800 MacArthur Boulevard, Suite 800, Irvine, California  92612-2427.

5          On **March 28, 2007**, I served the foregoing documents described as:
     **CIVIL COVER SHEET** on the interested parties in this action by causing it to be
6    electronically filed using the Court's Electronic Filing System which constitutes
     service of the filed document on individual(s) listed below:
7
     Guenter S. Cohn, Esq.                         Attorneys for Plaintiff
8    P.O. Box 19687                                Jutta Mahlke Cohn
     San Diego, California  92159
9    Telephone:  (619) 462-6681

10

11   [X]  **BY MAIL**     I am "readily familiar" with the firm's practice of collection and
          processing correspondence for mailing.  Under that practice it would be
12        deposited with U.S. Postal Service on that same day with postage thereon fully
          prepaid at Irvine, California in the ordinary course of business.  I am aware that
13        on motion of the party served, service is presumed invalid if postage
          cancellation date or postage meter date is more than one day after date of
14        deposit for mailing in affidavit.

15   [ ]  **BY FACSIMILE**    By transmitting an accurate copy via facsimile to the
          person and telephone number as follows:
16
     [ ]  **OVERNIGHT DELIVERY**    I am "readily familiar" with the firm's practice
17        of collection and processing correspondence for overnight delivery.  Under that
          practice it would be deposited in a box or other facility regularly maintained by
18        the express service carrier, or delivered to an authorized courier or driver
          authorized by the express service carrier to receive documents, in an envelope
19        or package designated by the express service carrier with delivery fees paid or
          provided for, addressed to the person on whom it is to be served, at the office
20        address as last given by that person on any document filed in the cause and
          served on the party making service; otherwise at that party's place of residence.
21   [X]  **(FEDERAL)**  I declare that I am employed in the office of a member of the bar
          of this Court at whose direction the service was made.  Executed at Irvine,
22        California on **March 28, 2007.**

23

24   NAME:  Gabriela Rubio
                                         (Signature)
25

26

27

28

i:\office7\7197\189\07pleadings\removal - pos- civil cover sheet.doc

UNITED STATES
DISTRICT COURT
Southern District of California
San Diego Division

# 136524 - A2
March 28, 2007

| Code | Case # | Qty | Amount |
|------|--------|-----|--------|
| CV086900 | 3-04-CV-0566 | | 60.00 CH |
| Judge | - JONES | | |
| CV086400 | | | 100.00 CH |
| CV510000 | | | 190.00 CH |

Total->                350.00

FROM: CIVIL FILING
      COHN V. METROPOLITAN LIFE
      INSURANCE CO.
      BCH 68776  SH